Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
Law Office of Jon Weiner
1595 Commercial Street NE
Salem, OR 97301
Tel: (503) 399-7001
Fax: (503) 399-0745

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| KERRI ATWATER,<br><br>    Plaintiff,<br><br>    v.<br><br>HOT STONE, LLC, a Washington domestic business corporation, dba THE ROCK WOOD-FIRED PIZZA AND SPIRITS.<br><br>    Defendant.<br>_____ | Case No. _____<br><br>**COMPLAINT-**<br><br>**Claims for Sex Discrimination, Disability Discrimination, and Failure to Provide Reasonable Accommodations for Disability, 42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 1981(a);  42 U.S.C. § 12112, et seq.; State law claims for Sex Discrimination, Disability Discrimination, and Failure to Provide Reasonable Accommodations for Disability, O.R.S. 659A.030, et seq.; O.R.S. 659A.103 - 659A.145; O.R.S. 659A.885; O.A.R. 839-006-0200, et seq.;**<br><br>**(Demand for Jury Trial)** |

Plaintiff alleges:

Page 1 of 14 – COMPLAINT

## PRELIMINARY STATEMENT

1.

Plaintiff Kerri Atwater (hereinafter referred to as "plaintiff") asserts claims for sex discrimination violations under Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000e, et seq. ; 42 U.S.C. § 1981(a) (hereinafter collectively referred to as "Title VII") and state law (O.R.S. Chapter 659A).  Plaintiff also asserts claims for disability discrimination, and failure to provide reasonable accommodations for disability, under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, et seq., as amended by the Americans with Disabilities Amendments Act of 2008 (hereinafter referred to as "The ADA") and state law (O.R.S. Chapter 659A). Plaintiff demands a jury trial.  The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

## JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.  This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

3.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this complaint occurred in Washington County, Oregon.  Plaintiff

Page 2 of 14 – COMPLAINT

is a resident of Aloha, Oregon.  Defendant Hot Stone, LLC is a Washington domestic business corporation with its headquarters located in Vancouver, Washington.

4.

Hot Stone, LLC (hereinafter referred to as "defendant"), does business as "The Rock Wood-Fired Pizza and Spirits" (hereinafter referred to as "The Rock"), a chain of restaurants.  At all times relevant, plaintiff was either an applicant for employment with defendant at The Rock's Hillsboro, Oregon location, located in Washington County, or an employee of defendant at that establishment.  At all times relevant, defendant conducted regular, substantial, and sustained business activity in the State of Oregon, including, but not limited to, Washington County.

## FACTUAL ALLEGATIONS

5.

During the term of plaintiff's employment, defendant employed 15 or more individuals for each working day in each of 20 or more calendar weeks in the current and previous calendar year.  Plaintiff has exhausted her administrative remedies under federal and state law.  Plaintiff timely filed discrimination charges with the Equal Employment Opportunity Commission (EEOC) and the Oregon Bureau of Labor and Industries (BOLI).  Plaintiff received a right-to-sue letter from each entity, and timely filed suit within the respective 90-day limitations periods set forth therein.

6.

Plaintiff is a female.  She is afflicted with Idiopathic Intracranial Hypertension (hereinafter referred to as "IIH") and related morbid obesity.  IIH is a neurological disorder which predominately affects obese women.  IIH and obesity are disabling conditions.  Plaintiff is

approximately 5'8" and weighed approximately 320 pounds at all relevant times. Her condition is readily apparent to those that meet her.

7.

Plaintiff's IIH and obesity are physical impairments, each of which substantially limits her in the performance of one or more major life activities. Furthermore, plaintiff's IIH substantially limits one or more of her bodily functions, including, but not limited to, her body's neurological functioning. Moreover, plaintiff has a record of suffering from such impairment and was apparently regarded by defendant as suffering from such impairment.

8.

On or around June, 2013, plaintiff responded to an advertisement for employment with defendant at The Rock's Hillsboro, Oregon location. The available position was server. Plaintiff submitted an application for employment. Plaintiff had numerous years of serving experience, possessed all job-related requirements, and was capable of performing all essential functions of the position, with or without reasonable accommodation. Plaintiff is a qualified individual with a disability under the ADA and state law.

9.

Plaintiff was contacted by The Rock and asked to interview for the server position. Plaintiff did so. She interviewed with Justin Lum (hereinafter referred to as "Lum"), general manager of The Rock's Hillsboro, Oregon location, and Sheila Marsh (hereinafter referred to as "Marsh"), an assistant manager.

10.

On or around June 27, 2013, Lum called plaintiff and offered her the server position. Plaintiff accepted the position.

JON H. WEINER, Attorney at Law
*Law Office of Jon Weiner*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

11.

On or around June 29, 2013, plaintiff visited The Rock's Hillsboro, Oregon location and filled out employment forms. Afterwards, Lum brought her to a cabinet in the back hallway which contained uniform shirts worn by The Rock's servers. Lum handed plaintiff the largest women's shirt in the cabinet, to try on. The shirt was far too small to fit plaintiff. Lum handed plaintiff the largest men's shirt in the cabinet. This shirt was also far too small to fit plaintiff. Plaintiff informed Lum that none of the shirts fit her. Lum told plaintiff this would not be a problem. He told plaintiff that defendant employed a large, male bartender who could not fit into any of the shirts, and, consequently, was permitted to wear one which had been custom-made for him. Lum also noted that The Rock's kitchen crew employees wore different shirts, and that larger versions of those shirts might be available for plaintiff to wear. Plaintiff offered to pay to have a shirt custom-made for her, if necessary.

12.

Sometime following her meeting with Lum, plaintiff contacted a store in the business of making custom t-shirts. Plaintiff was told that a custom t-shirt could be made for her, that it would cost approximately $20, and would be available for her use approximately 72 hours after ordering.

13.

On or around July 3, 2013, plaintiff had a training shift with Rob, the lead bartender at The Rock's Hillsboro, Oregon location. Together, they reviewed defendant's employee manual, and discussed the practices and culture of the restaurant. Rob explained that The Rock had few parameters on personal appearance. During this shift, plaintiff went through the cabinet in the back hallway with Rob, as she had with Lum. Again, there was no shirt which fit plaintiff.

Page 5 of 14 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Law Office of Jon Weiner*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

Again, plaintiff was given no indication this would be a problem.

14.

Plaintiff's first serving shift was scheduled for July 8, 2013. Prior to that date, Lum called plaintiff and told her to wear a black, v-neck t-shirt in place of The Rock's uniform shirt. He told her this would suffice until everything could be worked out.

15.

On July 8, 2013, plaintiff arrived to work wearing the uniform Lum had instructed her to wear. She arrived early for her shift. Lum told plaintiff he needed to speak with her, but was currently occupied. Over the next half hour or so, Lum traveled back and forth from the office, where plaintiff believes he was communicating with defendant's management over the phone, to speak with plaintiff. Lum told plaintiff that wearing the black v-neck t-shirt was no longer an option for her. A short time passed, and Lum asked plaintiff to speak with him in the management office.

16.

Plaintiff met with Lum and Marsh in the office. Lum told plaintiff that having a shirt custom-made for her was not an option. Shortly thereafter, she asked someone why the male bartender was permitted to wear a larger, custom-made shirt. Plaintiff was told that The Rock had just switched to new shirts and that the bartender had been "grandfathered in."

17.

At the end of plaintiff's interaction with Lum and Marsh, it was clear that no shirt would be provided that would allow her to continue to work in her position. It was also clear that having a shirt custom made was not an option defendant was willing to allow. Since plaintiff was not going to be allowed to continue to work unless she was able to do so in one of the shirts

Page 6 of 14 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Law Office of Jon Weiner*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

that defendant had on hand, and plaintiff was too large to fit into any of those shirts and perform her job, plaintiff concluded that she was unable to continue working for defendant and had in fact been discharged.

18.

Had defendant accommodated plaintiff with an appropriate work shirt she would have retained her employment.  Were it not for plaintiff's disability she would have retained her employment.  Had defendant treated plaintiff the same as its male employees, she would have retained her employment.

## **FIRST CLAIM –TITLE VII DISCRIMINATION, 42 U.S.C. § 2000e-2.**

### **(Gender Discrimination)**

19.

Plaintiff incorporates and re-alleges paragraphs 1 through 18 by this reference.  Pursuant to 42 U.S.C. § 2000e-2(a), "it shall be an unlawful employment practice for an employer" to discharge an individual, "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals race, color, religion, sex, or national origin . . ."

20.

Defendant violated this statute when it subjected plaintiff to disparate treatment based on her gender and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

21.

Plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial.  Plaintiff seeks equitable relief and recovery of all compensatory

**JON H. WEINER,** Attorney at Law
*Law Office of Jon Weiner*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

## SECOND CLAIM – STATE SEX DISCRIMINATION VIOLATIONS

22.

Plaintiff incorporates and re-alleges paragraphs 1 through 21 by this reference. According to O.R.S. 659A.030(1)(a) and (b), it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to refuse to hire or employ or to bar or discharge from employment such individual [or] . . . to discriminate against such an individual in compensation or in terms, conditions, or privileges of employment."

23.

Defendant willfully violated this statute when it subjected plaintiff to disparate treatment based on her gender and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

24.

As a result of defendant's gender discrimination, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

25.

Pursuant to O.R.S. 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

/ / /

/ / /

Page 8 of 14 – COMPLAINT

## THIRD CLAIM – ADA DISCRIMINATION, 42 U.S.C. § 12112

### (Count 1 – Disability Discrimination)

26.

Plaintiff incorporates and re-alleges paragraphs 1 through 25 by this reference. Pursuant to 42 U.S.C. §12112(a): "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

The term disability means, with respect to an individual-

"(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment."
42 U.S.C. §12102(1).

An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. §12102(3)(a).

27.

Defendant willfully violated this statute when it discriminated against plaintiff on the basis of her disability, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

/ / /

Page 9 of 14 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Law Office of Jon Weiner*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

28.

As a result of defendant's discrimination, plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

**(Count 2 – Failure to Provide Reasonable Accommodations)**

29.

Plaintiff incorporates and re-alleges paragraphs 1 through 28 by this reference. Pursuant to 42 U.S.C. §12112(b): "As used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes—

(5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant."

30.

Defendant willfully violated this statute when it failed to provide plaintiff with a reasonable accommodation for her disability, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

///

Page 10 of 14 – COMPLAINT

31.

As a result of defendant's failure to provide a reasonable accommodation, plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

## FOURTH CLAIM – STATE DISABILITY DISCRIMINATION VIOLATIONS

### (Count 1 – Disability Discrimination)

32.

Plaintiff incorporates and re-alleges paragraphs 1 through 31 by this reference. Pursuant to O.R.S. 659A.112(1), "It is an unlawful employment practice for any employer to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability." For the purposes of O.R.S. 659A.103 – O.R.S. 659A.145, an individual has a disability if she:

1) has a physical or mental impairment that substantially limits one or more major life activities of the individual;

2) has a record of having a physical or mental impairment that substantially limits one or more major life activities of the individual; or

3) is regarded as having a physical or mental impairment that substantially limits one or more major life activities of the individual.

O.R.S. 659A.104(1)(a) – (c).

33.

Defendant willfully violated this statute when it discriminated against plaintiff on the

Page 11 of 14 – COMPLAINT

basis of her disability, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

34.

As a result of defendant's disability discrimination, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

35.

Pursuant to ORS 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

### (Count 2 – Failure to Provide Reasonable Accommodation)

36.

Plaintiff incorporates and re-alleges paragraphs 1-35 by this reference.  Pursuant to O.R.S. 659A.112, an employer commits disability discrimination when "the employer does not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability who is a job applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer." O.R.S. 659A.112(2)(e).

37.

Defendant willfully violated this statute when it failed to provide plaintiff with a reasonable accommodation for her disability, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

/ / /

/ / /

Page 12 of 14 – COMPLAINT

38.

As a result of defendant's failure to provide a reasonable accommodation, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

39.

Pursuant to O.R.S. 659A.885, plaintiff is entitled to her reasonable costs and attorney fees and costs in this action.

WHEREFORE, Plaintiff requests the following for her claims for relief:

1. For Plaintiff's First Claim For Relief Against Defendant Hot Stone, LLC:

    A. Non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

2. For Plaintiff's Second Claim For Relief Against Defendant Hot Stone, LLC:

    A. Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to O.R.S. 659A.885.

3. For Plaintiff's Third Claim For Relief Against Defendant Hot Stone, LLC:

    A. Non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks recovery of all compensatory and punitive damages

Page 13 of 14 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Law Office of Jon Weiner*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

B. Non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

4. For Plaintiff's Fourth Claim For Relief Against Defendant Hot Stone, LLC:

A. Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest at the prevailing rate, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to O.R.S. 659A.885.

B. Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest at the prevailing rate, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to O.R.S. 659A.885.

DATED this 18th day of November, 2014.

/s/ Jon Weiner
Jon Weiner, OSB #993944
jweiner@nw-attorneys.com
Law Office of Jon Weiner
1595 Commercial Street NE
Salem, OR 97301
Tel: (503) 399-7001
Fax: (503) 399-0745
Attorney for Plaintiff

Page 14 of 14 – COMPLAINT